IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CR-72-BO
No. 7:18-CV-165-BO

| | | |
|---|---|---|
| ERNEST DAILEY, | ) | |
|     Petitioner, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This cause comes before the Court on petitioner's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 50]. Respondent has moved to dismiss the Section 2255 petition. [DE 55]. The matter is ripe for disposition. For the reasons discussed below, respondent's motion to dismiss [DE 55] is GRANTED and petitioner's Section 2255 motion [DE 50] is DISMISSED.

## BACKGROUND

In 2014, petitioner pleaded guilty, pursuant to a written plea agreement, to (1) possession with the intent to distribute twenty-eight grams or more of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count One); and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two). [DE 24]. In March 2015, Judge Fox sentenced petitioner to a 202-month term of imprisonment on Count One and a 60-month term of imprisonment on Count Two, running consecutively, as well as five years of supervised release on each count, running concurrently. [DE 27, 29]. In November 2015, the Fourth Circuit dismissed petitioner's appeal. [DE 39]. On April 18, 2016, the Supreme Court denied certiorari. *Dailey v. United States*, 136 S. Ct. 1688, No. 15-

8458 (2016).

In September 2018, petitioner filed the instant motion under 28 U.S.C. § 2255. [DE 50]. Petitioner argues (1) that he was actually innocent of Count Two, (2) that the factual basis supporting Count Two was insufficient, (3) that counsel was constitutionally ineffective at sentencing, and (4) that petitioner's career offender sentence was unconstitutional. [DE 50, p. 4–8]. The government has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that petitioner's motion is untimely.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

The government has moved to dismiss on the grounds that petitioner's Section 2255 motion was filed outside of the time for filing provided in 28 U.S.C. § 2255(f). A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final, (2) the date on which an impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4).

2

Petitioner's judgment of conviction became final on April 18, 2016, when the Supreme Court denied certiorari. *See Clay v. United States*, 537 U.S. 522, 532 (2003). Petitioner had until April 18, 2017 to file a timely Section 2255 motion. He did not file the instant motion until September 2018, outside the one-year window. Petitioner has not demonstrated that he has filed his motion within one year of any of the other triggering events in Section 2255(f).

To avoid the time bar, petitioner must show establish that equitable tolling is appropriate. To be entitled to equitable tolling, an otherwise time-barred petitioner must established "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner has not alleged such extraordinary circumstances and, as such, equitable tolling is not appropriate in this case.

Finally, although a claim of actual innocence may overcome Section 2255(f)'s statute of limitations, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386, 392–97 (2013). A "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Petitioner has not demonstrated a reason to doubt the validity of his guilty plea. The Fourth Circuit dismissed petitioner's direct appeal, finding that he "knowingly and voluntarily waived his right to appeal." [DE 39, p. 2]. As such, petitioner's actual innocence claim does not permit him to avoid the Section 2255(f) time bar.

In sum, petitioner's Section 2255 motion is untimely, he has not established that equitable tolling is appropriate, and his actual innocence claim is not sufficient to avoid the time bar. The government's motion to dismiss must, therefore, be granted.

3

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, respondent's motion to dismiss [DE 55] is GRANTED and petitioner's Section 2255 motion [DE 50] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this **10** day of January, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

4