IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CR-72-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERNEST DAILEY | ) | |

This cause comes before the Court on defendant's *pro se* motion for reduction in sentence pursuant to Section 404 of the First Step Act. The government has responded, defendant has replied, and the matter is ripe for ruling. For the reasons that follow, defendant's motion for reduction in sentence pursuant to Section 404 of the First Step Act is denied. Defendant's additional motions seeking a reduction in sentence are also denied.

## BACKGROUND

After pleading guilty, defendant, Dailey, was sentenced on March 11, 2015, to a total term of imprisonment of 262 months, comprised of 202 months' imprisonment for possession with intent to distribute twenty-eight grams or more of cocaine base and a quantity of cocaine, 21 U.S.C. §§ 841(a) & (b), and sixty months' imprisonment for possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c), to be served consecutively. [DE 29]. Dailey now seeks a reduction in his sentence. He first argues that a reduction is appropriate under Section 404 of the First Step Act. He further argues that his United States Sentencing Guidelines career offender designation was not proper. Finally, Dailey requests a downward variance in light of his post-sentencing conduct pursuant to 18 U.S.C. § 3661.

DISCUSSION

I.  Section 404 of the First Step Act.

In August 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 11-220, 124 Stat. 2372, modifying the statutory penalties for certain crack offenses. The Fair Sentencing Act established new thresholds for mandatory minimum sentences. Previously, a defendant found responsible for at least fifty grams of crack faced a mandatory minimum of ten years' imprisonment; the Fair Sentencing Act raised the threshold to 280 grams. The Fair Sentencing Act further raised the threshold for a statutory sentencing range of five-to-forty years from five grams to twenty-eight grams. The Fair Sentencing Act, however, was not made retroactive, so it was inapplicable to individuals who had already been sentenced and who were no longer on direct review. In December 2018, Congress enacted the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which—among other things—made the Fair Sentencing Act's new crack thresholds retroactively applicable to defendants who had been sentenced prior to August 3, 2010.

The First Step Act authorizes courts to impose reduced sentences "as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. 115-391, 132 Stat. 5194, § 404(b). A "covered offense" is a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* § 404(a).

Dailey committed a crack offense after August 3, 2010. [DE 1]. He is therefore facially ineligible for relief under Section 404 of the First Step Act. His motion for reduction in sentence on this ground is denied.

2

II. Career offender enhancement.

At the outset, the Court GRANTS Dailey's motion to file a reply to the government's response. In his reply, Dailey asserts for the first time that he was improperly designated as a career offender pursuant to U.S.S.G. § 1B4.1. However, such a challenge must be raised in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Because Dailey has previously filed a § 2255 motion that was dismissed on the merits, he must first seek authorization from the appellate court in order to file a second motion pursuant to 28 U.S.C. § 2255. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

III. Downward variance.

Finally, Dailey requests a downward variance in his sentence pursuant to 18 U.S.C. § 3661, which provides that

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

18 U.S.C. § 3661. Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). Dailey has failed to identify any basis upon which this Court might modify his sentence under § 3661. His motion is therefore denied.

IV. Motion to appoint new counsel.

Dailey seeks appointment of counsel outside of the Office of the Federal Public Defender based on a purported conflict. Several days after Dailey filed the instant motion, an attorney from the CJA Panel filed an appearance on his behalf. [DE 70]. Accordingly, Dailey's motion is denied as moot.

## CONCLUSION

For the foregoing reasons, defendant's motion for reduction of sentence [DE 62] is DENIED. Defendant's motion for leave to file a reply [DE 65] is GRANTED and the Court has considered the defendant's reply. Defendant's motion for a downward variance [DE 67] is DENIED. Defendant's motion to appoint new counsel [DE 69] is DENIED AS MOOT.

SO ORDERED, this 16 day of October, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE